UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **STEVEN W. WRIGHT, JR.,** | ) Civil No. 3:19-cv-00510 |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT and** |
| **COGENT COMMUNICATIONS, INC.,** | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

Plaintiff, Steven W. Wright, Jr. ("Wright" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Cogent Communications, Inc. ("Cogent" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings a claim for retaliation under the FLSA, 29 U.S.C. §215(a)(3). Specifically, Cogent terminated Plaintiff's employment in retaliation for Plaintiff's participation in a prior FLSA lawsuit against Cogent.

## THE PARTIES

2. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

3. Cogent is a foreign business corporation registered and in good standing in the State of North Carolina, with its Principal Office located at 2450 N. St. NW 4th Floor, Washington, D.C.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

5. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

6. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

10. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

11.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

12.  Cogent provides businesses with high speed Internet access and Ethernet transport services.

13.  Cogent employed Plaintiff from approximately 2007 to 2011 in the position of Regional Account Manager.

14.  On April 25, 2014, Plaintiff filed a lawsuit for unpaid overtime wages against Cogent, captioned *Mark Allen Ryan v. Cogent Communications, Inc.*, Civil Action No. 1:14-cv-00459-JCC-TRJ, in the United States District Court for the Eastern District of Virginia.

15.  In September 2014, Cogent and Wright settled the unpaid overtime lawsuit. The parties entered into a "Confidential Settlement Agreement and Release" that contained a provision entitled "No Application for Reemployment," which stated:

> WRIGHT permanently, unequivocally, and unconditionally waives any and all rights that he may now have, may have had in the past, or may have in the future to obtain or resume employment with COGENT. WRIGHT agrees that he will not apply for employment with COGENT and acknowledges that any application for employment he makes to COGENT may be rejected without cause and without any liability whatsoever. WRIGHT understands and acknowledges that COGENT is and never shall be under any obligation to re-employ him, and COGENT's refusal to re-employ him will not subject COGENT to liability on any grounds.

16.  In or about January 2019, Cogent rehired Wright in the position of National Account Manager.

17.  From January 2019 through August 2019, Wright was assigned to Cogent's Herndon, Virginia office and his work performance was excellent.

18. In July 2019, Cogent offered Wright the opportunity to transfer to a new Cogent office located in Charlotte, North Carolina, which Wright accepted.

19. Wright's last day at Cogent's Herndon, Virginia office was July 31, 2019. Wright utilized approved days off on August 1 and August 2 to move his personal belongings to Charlotte, North Carolina.

20. On August 2, 2019, Cogent VP Michael Kalina informed Wright that his employment was terminated effective August 2, 2019. Kalina told Wright he was fired "because you were part of that lawsuit. It [the settlement agreement] stated that you couldn't be rehired."

21. Wright engaged in protected activity under the FLSA by filing a lawsuit to recover unpaid overtime wages.

22. Cogent retaliated against Wright because he engaged in the protected activity in violation of the FLSA.

23. Plaintiff suffered harm as a result of Defendant's retaliatory actions.

## Violation of FLSA – Retaliation

24. Plaintiff incorporates by reference paragraph 1-23 of his Complaint. Defendant violated the provisions of 29 U.S.C. §215(a)(3) by discharging Plaintiff because engaged in protected activity by filing a claim for unpaid overtime wages. Defendant has acted willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for violating the anti-retaliation provisions of the FLSA;

b) An Order awarding Plaintiff damages proximately caused by Defendant's unlawful retaliation;

4

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

f) An Order awarding punitive damages; and

g) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
Jason Chestnut NCSB #52066

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: phil@gibbonsleis.com
craig@gibbonsleis.com
jason@gibbonsleis.com